UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE JONES

VERSUS

BLUE CROSS BLUE SHIELD
OF LOUISIANA

CV. NO. 16-340-JWD-RLB

JUDGE JOHN W. deGRAVELLES

## RULING AND ORDER

This matter is before the Court on the two remaining Motions in Limine by Defendant Blue Cross Blue Shield Of Louisiana. (Docs. 59, 63). Plaintiff Catherine Jones has filed an Opposition to both Motions. (Docs. 65, 67). Oral argument on these Motions and others was held on January 11, 2018.

**Motion Concerning "Termination" or "Discharge"**

In one of its Motions, Defendant seeks to exclude argument, testimony and documentary evidence concerning Plaintiff's "termination or discharge." (Doc. 63 at 1). Defendant argues that Plaintiff resigned and was not terminated or discharged, and suggestions to the contrary are unsupported by the record and will mislead the jury in violation of Federal Rule of Evidence 403. (Doc. 63-1 at 1-2).

At the time when Plaintiff's Opposition was filed, there was a pending Motion for Summary Judgment concerning Plaintiff's constructive discharge and wrongful termination claims. (Doc. 65 at 1). Plaintiff's Opposition argues that "[w]hat terms Plaintiff's counsel will use before the jury will be largely determined by this [C]ourt's ruling on the constructive discharge issue," and that resolution of this Motion in Limine "is largely dependent on the [C]ourt's resolution of the Motion for Summary Judgment." (*Id.* at 1-2). Plaintiff's Opposition then

1

discusses whether there is a triable issue on constructive discharge and wrongful termination. (*Id.* at 2-7). Oral argument on this Motion was consistent with the parties' written submissions.

Following briefing and oral argument of this Motion, the Court ruled on the Motion for Summary Judgment. (*See generally* Doc. 76). In relevant part, the Court granted the Motion for Summary Judgment with respect to Plaintiff's constructive discharge and wrongful termination claims. (*Id.* at 18-22). As Plaintiff has largely acknowledged, because the jury will not consider constructive discharge and wrongful termination claims, references to Plaintiff's "termination" or "discharge" will pose a high risk of confusing the issues or misleading the jury. *See* Fed. R. Evid. 403. This Motion, (Doc. 63), is accordingly GRANTED. Argument, testimony, and documentary evidence concerning or referencing Plaintiff's "termination" or "discharge" shall be excluded from trial.

**Motion Concerning Lost Wages, Back Pay, Front Pay, and Loss of Benefits**

Defendant's other Motion seeks to exclude argument, testimony and documentary evidence concerning loss of wages, back pay, front pay, or loss of benefits after 2015. (Doc. 59 at 1). Defendant argues that Plaintiff has had no earnings since her resignation in December 2014 and has not attempted to find work since "at least" January 2016 because she is, or believes that she is, unable to work. (Doc. 59-1 at 1). Defendant contends that she has therefore failed to mitigate her damages. (*Id.* at 2-5). Defendant argues that the same result inheres even if the Court rules that Plaintiff is "justified" in not looking for work because of her disability. (*Id.* at 4-5).

Plaintiff's Opposition concedes the general principles of mitigation discussed in Defendant's Motion and that Plaintiff had not looked for work in "at least" one year as of her January 13, 2017 deposition. (Doc. 67 at 1-2). Plaintiff argues, however, that the general principles of mitigation are "not applicable to the instant case." (*Id.* at 2). Particularly, Plaintiff

2

argues that Defendant's failure to accommodate caused her disability to worsen and her subsequent inability to work, and Defendant should not now be permitted to argue failure to mitigate based on a disability that its own actions intensified.[1]  (*Id.* at 2, 4).  Plaintiff also argues that it is Defendant's burden to show failure to mitigate, and the standard ("reasonable diligence") is an inherently fact-sensitive determination that should be left to a jury.  (*Id.* at 3-4).  Oral argument on this Motion was consistent with the parties' written submissions.

The Western District of Louisiana summarized the relevant standards in *Smith v. JP Morgan Chase*:

> A plaintiff suing for front or back pay under the ADA has a duty to mitigate his damages by using reasonable diligence to obtain substantially equivalent employment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998). The "employer has the burden of proving failure to mitigate." *Palasota v. Haggar Clothing, Co.*, 499 F.3d 474, 486 (5th Cir. 2007). The employer satisfies this burden by showing that substantially equivalent work was available and that the plaintiff did not exercise reasonable diligence to obtain this work. *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1993 (5th Cir. 1990). "Although the employer is normally required to prove that substantially equivalent work was available and that the former employee did not exercise reasonable diligence to obtain it, once the employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (internal quotation marks and citation omitted).

2011 WL 841439, at *11 (W.D. La. Mar. 8, 2011).

In *Johnston v. Harris County Flood Control Dist.*, the Fifth Circuit ruled that a district court had improperly failed to reduce a back pay award "in relation to the period in which [the plaintiff] did not seek other employment."  869 F.2d 1565, 1578 (5th Cir. 1989).  The plaintiff had "talked to one man about some security work," but he was told that he did not have enough education to "handle it."  *Id.* at 1578-79.  He also was not permitted to "go out there" because he

---

[1] During oral argument, Plaintiff's counsel acknowledged that he had been unable to find case law clearly articulating this principle.

3

had only one eye. *Id.* at 1579. This experience stopped him from looking further, and the Fifth Circuit held that the plaintiff had not exercised reasonable diligence in mitigating his damages. *Id.* The plaintiff also believed that looking for work was futile given that he was "59 years old and . . . had one lung and emphysema and bronchial trouble, just one eye, and not much education[.]" *Id.* at 1579 n.3. The Fifth Circuit expressed no opinion on whether the plaintiff's search would have been successful or whether he would have obtained work "comparable" to his prior work. *Id.* However, the Fifth Circuit determined that it need not consider these issues because the plaintiff made "no effort to obtain any type of employment." *Id.*

Preliminarily, this Motion is arguably more appropriately framed as a Motion for Summary Judgment rather than a Motion in Limine. The Motion is directed less at the admissibility and reliability of evidence and testimony supporting an award of certain damages and more at the alleged insufficiency of any record evidence to support such an award. As Plaintiff correctly notes, Defendant's arguments concerning the Federal Rules of Evidence are meager. (Doc. 67 at 4-5). Moreover, granting the relief Defendant seeks, *i.e.*, excluding all argument, testimony, and documentary evidence that might support such an award, will necessarily prevent Plaintiff from demonstrating this component of damages and effectively grant summary judgment. Courts disfavor and frequently deny motions in limine that are effectively disguised motions for summary judgment. *See, e.g., SE Prop. Holdings, LLC v. HCB Fin. Corp.,* 2015 WL 12868076, at *1 (N.D. Fla. Mar. 13, 2015); *George v. Ford Motor Co.,* 2007 WL 4355048, at *2 (S.D.N.Y. Dec. 11, 2007); *C.B. Mills v. Hawranik*, 1995 WL 387839, at *2 (N.D. Ill. June 28, 1995). In these circumstances, however, the Court deems it acceptable to adjudicate this issue now. The issue is narrow and fully briefed, and its decision will not delay trial. More fundamentally, and regardless of any procedural shortcomings, this issue simply should not be presented to the jury if there is

insufficient evidence to justify a finding in Plaintiff's favor.  *Cf. SPX Corp. v. Bartec USA*, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) (motions in limine are not ordinarily "proper procedural devices for the wholesale disposition of theories or defenses," but adjudication of issue presented in motion in limine was proper where, *inter alia*, delaying decision would "only prolong a meritless position").

The Court agrees with Defendant's arguments.  Although the use of "reasonable diligence" in mitigation is generally a factual question for the jury, the Fifth Circuit has ruled that a plaintiff's total failure to look for work justifies a finding that the plaintiff has failed to mitigate as a matter of law.  Indeed, in *Johnston* it ruled that the district court had improperly failed to reduce a jury's award in such circumstances.  869 F.2d at 1578.  Relatedly, although it is an employer's burden to show failure to mitigate, this burden may be met by showing the unreasonableness of a plaintiff's job search.  *See, e.g., West*, 330 F.3d at 393.  Plaintiff has offered no support for applying an exception to these standards where an employer's failure to accommodate is an alleged cause of an employee's eventual inability to work.  Nor can the Court locate such support, particularly given the Fifth Circuit's strong statements that total failure to seek work constitutes a failure to mitigate.

For the foregoing reasons, this Motion, (Doc. 59), is GRANTED.  Argument, testimony and documentary evidence concerning loss of wages, back pay, front pay, or loss of benefits after 2015 shall be excluded from trial.

Signed in Baton Rouge, Louisiana, on <u>March 13, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**